**AV BINGO SUPPLIES, Plaintiff,**

**v.**

**PACIFIC RIM ENTERPRISES, and SILA POASA, Defendant.**

High Court of American Samoa
Trial Division

CA No. 47-00

June 11, 2001

■■■

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Sila Poasa, *Pro se*

## ORDER ON MOTION FOR DEFAULT JUDGMENT

This matter came on regularly for hearing upon plaintiff's motion for default judgment. Plaintiff appeared through counsel David P. Vargas and defendant Sila Poasa appeared *pro se*. The Clerk's file shows that defendants have been regularly served with process but have failed to answer plaintiff's complaint within the time allowed by law. Pursuant to T.C.R.C.P. Rule 55(a), the Clerk entered defendants' default on May 1, 2000, and notice of these proceedings was served upon defendants on December 4, 2000, pursuant to Rule 55(b).

 In this jurisdiction, the court must scrutinize the evidence itself before a default judgment may be entered, even in the case where the amount sought in the complaint is fully liquidated. *Bank of Hawaii v. Ieremia*, 8 A.S.R.2d 177, 178 (Trial Div. 1988); *Scalise v. Gorniak*, 26 AS.R.2d 85, 86 (Trial Div. 1994). In 1986, with the amendment of T.C.R.C.P. Rule 55, the practice by which default judgments could simply be entered by the Clerk's office, bypassing any sort of judicial assessment, was discontinued. In these matters, therefore, the court looks to direct evidence, beyond conclusionary affidavits such as bank ledgers and the like, to determine for itself whether the claimed indebtedness has been correctly calculated. *Id.*

On the record before us, plaintiff AV Bingo Supplies has supplied

invoices and statements as supporting exhibits of its claim against defendants. These exhibits reveal that between August 1994 and July 1995, plaintiff supplied and shipped the defendant Pacific Rim Enterprises assorted paraphernalia for running bingo games, with invoice cost totaling $62,476.25. These exhibits, however, tell us nothing of payment history nor how the complaint amount of principal debt, $45,629.25, was arrived at.

At the hearing of plaintiff's motion for default judgment, defendant Sila Poasa appeared *pro se* and testified. While not contesting the indebtedness, Poasa testified that since the filing of the complaint, payments had been made to plaintiff totaling $2,000. Plaintiff's counsel acknowledged such payments and accordingly submitted his client's claim in the principal amount $43,629.25. Plaintiff will accordingly have judgment against the defendant Pacific Rim Enterprises in the sum of $43,629.25.

■ Plaintiff further claims accrued interest on the indebtedness in the sum of $13,735.90. The interest statement before us is conclusionary in form, as the supporting exhibits neither explain the basis for rate of interest claimed nor manner of calculation. We accept that the debt is overdue but the rate of interest which the law presumes, in the absence of a written stipulation by the debtor to a different permissible rate, is 6%: *See* A.S.C.A. §28.1501(a). Any interest claim beyond that is usurious and unenforceable. *Id.*

Since it is unclear how plaintiff's interest claim was arrived at, plaintiff will supply the details of its calculation.

■ As to plaintiff's prayer for default judgment against defendant Sila Poasa, this claim will be denied. It is not clear from the exhibits received why Sila Poasa is liable on the invoices. The bingo supplies were shipped and invoiced to Pacific Rim Enterprises, a separate entity. (*See* Complaint ¶ 2.)

Plaintiff shall calculate judgment accordingly and provide such calculation within 10 days hereof.

It is so ordered.